■ In the Matter of the Claim of ANNE W. CRONIN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Employment Insurance Appeal board, filed February 23, 1978, which reversed the decision of a referee insofar as it overruled an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because she failed to comply with registration requirements. Claimant was employed by a school district as a part-time clerk and, following her last day of work on June 30, 1977, she expected to return to that post at the end of the annual summer recess. However, upon reporting for duty in September of 1977, she discovered that the position had been eliminated the preceding June. Although claimant was ultimately rehired by the school district shortly thereafter, she filed a claim seeking unemployment insurance benefits for the intervening period. The board has reversed a referee's decision and upheld an initial determination of the respondent Industrial Commissioner that claimant's failure to comply with registration requirements disqualified her from receiving such benefits. It concluded that since her failure to file a claim at an earlier date was not attributable to any error on the part of respondent's local office representatives, but was due solely to misinformation generated by claimant's employer, there was no basis for excusing the absence of a timely registered claim. We disagree with the board's reasoning and reverse its decision. Claims for benefits must be filed in accordance with respondent's regulations (Labor Law, § 596, subd 1) and, generally, applications are only effective commencing with the first day of the week in which they are filed (see 12 NYCRR 473.1). Nevertheless, for good cause shown, respondent may excuse a failure to file a timely claim and, in effect, allow the retroactive payment of benefits for prior unclaimed periods of total unemployment (12 NYCRR 473.1 [h]). The board was obliged to decide whether claimant's mistaken belief that she could return to work constituted good cause for not filing a claim sooner, and this it plainly failed to do. The regulation is not confined to instances of local office error and, should the board decide on remand that apparent reliance on an employer's misrepresentation does constitute a valid excuse, it would then be necessary to pass upon an alternative contention that claimant was unavailable for employment throughout the disputed period. The board has not yet addressed that subject and we express no opinion on it or any other potentially disqualifying factor. Decision reversed, with costs and matter remitted to the Unemployment Insurance Appeal Board for further proceedings consistent with this opinion. Mahoney, P. J., Kane, Staley, Jr., Main and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY R. GREEN, Also Known as MARVIN SPELL, Petitioner, v E. W. JONES, as Superintendent of Great Meadows Correctional Facility, Defendant.—Application for writ of habeas corpus dated July 26, 1978, denied. Greenblott, J. P., Sweeney, Kane, Main and Larkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW RAMAGE, Petitioner, v JOHN B. WILMOT, as Superintendent of Elmira Correctional Facility, Respondent.—Application for writ of habeas corpus denied, without prejudice to a motion to the trial court to set aside the sentence pursuant to CPL 440.20. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.