■ In the Matter of the Claim of ANNE W. CRONIN, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 7, 1979. This matter was previously before this court and was remitted to the board for a new determination on issues of whether or not the claimant's failure to comply with initial registration requirements should be excused (12 NYCRR 473.1), and/or whether or not the initial determination that claimant was unavailable for employment should be sustained *(Matter of Cronin [Ross]*, 64 AD2d 1006). Upon remittal, the Industrial Commissioner, through the office of his Director of Adjudication Services, submitted a letter dated January 22, 1979, wherein it was admitted and/or conceded as follows: "A review of

evidence in the record, now leads to the conclusion that claimant did not register a claim for benefits on July 1, 1977 as a result of confusion over information from personnel at the insurance office (smp. 5 and 7). Consequently, the Industrial Commissioner no longer holds that claimant was ineligible for benefits for failure to register in accordance with regulations." The Industrial Commissioner, nevertheless, pressed the validity of the initial disqualification for the period of July 4 through August 28, 1977 for a failure to demonstrate availability for work by adequate job seeking efforts. The board has found that, although the claimant did make some job seeking efforts during the period at issue, she "did not demonstrate a sincere and genuine attachment to the labor market and did not make an active search for employment." This finding of the board is arbitrary and capricious as it is not consonant with the general eligibility provisions of the Unemployment Insurance Law. There is no dispute that the claimant *did not file* an original claim for benefits *solely* because of the misinformation provided by the local office. It is thus established that because of the respondent's representation, this claimant was not given any reporting booklet or any reporting instructions. Indeed, she was at least inferentially advised by the local office that she was not unemployed, and there is no showing that she was told to nevertheless keep lists of job efforts or to make *any* search for employment. Remarkably, the record and the board's findings establish that she did in fact seek work during the period at issue and, thus, the conclusion of unavailability is not only arbitrary and capricious, it also lacks the support of substantial evidence. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ.